**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION**

| | |
|---|---|
| CATHY M. LEWIS, ) | |
| ) | No. 5:19-cv-02298-DCN |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | **ORDER** |
| ANDREW SAUL, Commissioner ) | |
| of Social Security, ) | |
| ) | |
| Defendant. ) | |
| ) | |

This matter is before the court on Magistrate Judge Kaymani D. West's Report and Recommendation ("R&R"), ECF No. 29, that the court affirm Commissioner of Social Security Andrew Saul's ("Commissioner") decision denying Kathy M. Lewis' ("Lewis") application for disability insurance benefits ("DIB"). Lewis filed objections to the R&R. ECF No. 31. For the reasons discussed below, the court declines to adopt the R&R, reverses the decision of the Commissioner, and remands the matter for further consideration consistent with this order.

## I.  BACKGROUND

### A.  Procedural History

Lewis filed an application for DIB on September 16, 2015, claiming a disability onset date of March 6, 2015, which she later amended to January 1, 2017. Tr. 23, 194–95. Lewis' claim was denied initially, Tr. 77, and upon reconsideration, Tr. 98. Thereafter, Lewis requested a hearing before an administrative law judge ("ALJ"). Tr 118–19. ALJ Tammy Georgian held a hearing on April 24, 2018, during which Lewis and a vocational expert ("VE") testified. Tr. 35-58. The ALJ issued an unfavorable decision on August 31, 2018, finding that Lewis was not disabled. Tr. 21-28. Lewis

requested review of the ALJ's decision, which the Appeals Council denied on June 12, 2019, making the ALJ's decision the Commissioner's final decision. Tr. 1–6.

On August 15, 2019, Lewis filed this action seeking judicial review of the Commissioner's decision. ECF No. 1, Compl. The action was assigned to Magistrate Judge West, who issued an R&R recommending that this court affirm the decision of the Commissioner. ECF No. 29. Lewis filed objections to the R&R on December 29, 2020, ECF No. 31, to which the Commissioner responded on January 12, 2021, ECF No. 32. The matter is now ripe for the court's review.

### B. Medical History

The parties are familiar with Lewis' medical history, the facts of which are ably recited by the R&R. ECF No. 29 at 2–4. Therefore, the court dispenses with a lengthy recitation thereof and instead briefly recounts those facts material to its review of Lewis' objections to the R&R. Lewis alleges a disability onset date of January 1, 2017, at which time she was sixty-two years old. Tr. 79. Lewis alleges disability due to neck pain, back pain, left arm pain, digestive disorders, bilateral hearing loss, foot and ankle pain, allergies, hypertension, anxiety, and depression. Tr. 227. Lewis was most recently employed as a deli clerk at Harris Teeter, but alleges that her ability to work began to decline in March 2015 due to her foot pain. Tr. 42–43. Lewis obtained her GED in 2000 and has not completed any specialized job training, trade, or vocational school. Tr. 228. She has additional past work experience as a housekeeper and drywall worker. Tr. 229.

### C. ALJ's Decision

The Social Security Act defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental

impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A); 20 C.F.R. § 404.1505. The Social Security regulations establish a five-step sequential evaluation process to determine whether a claimant is disabled. See 20 C.F.R. §§ 404.1520, 416.920. Under this process, the ALJ must determine whether the claimant: (1) is currently engaged in substantial gainful activity ("SGA"); (2) has a severe impairment; (3) has an impairment which equals an impairment contained in 20 C.F.R. § 404, Subpt. P, App'x 1, which warrants a finding of disability without considering vocational factors; (4) if not, whether the claimant has an impairment which prevents him or her from performing past relevant work; and (5) if so, whether the claimant is able to perform other work considering both his or her remaining physical and mental capacities (defined by his or her residual functional capacity) and his or her vocational capabilities (age, education, and past work experience) to adjust to a new job. See 20 C.F.R. § 404.1520; Hall v. Harris, 658 F.2d 260, 264-65 (4th Cir. 1981). The applicant bears the burden of proof during the first four steps of the inquiry, while the burden shifts to the Commissioner for the final step. Pass v. Chater, 65 F.3d 1200, 1203 (4th Cir. 1995) (citing Hunter v. Sullivan, 993 F.2d 31, 35 (4th Cir. 1992)). "If an applicant's claim fails at any step of the [sequential evaluation] process, the ALJ need not advance to the subsequent steps." Id. (citing Hunter, 993 F.2d at 35).

To determine whether Lewis was disabled, the ALJ employed the statutorily required five-step evaluation process. At step one, the ALJ found that the claimant had engaged in SGA during 2015 and 2016. Tr. 23. Lewis subsequently amended her disability onset date to January 1, 2017 to reflect that work activity. See ECF No. 18 at 2.

3

The ALJ continued to find that there was a continuous twelve-month period during which Lewis did not engage in SGA: January 2017 until the date of the ALJ's decision, August 31, 2018.  Tr. 23.  As such, the ALJ limited her remaining findings to that time period.  At step two, the ALJ determined that Lewis "has the following severe impairment: osteoarthritis (20 CFR 404.1520(c))."  Tr. 24.  At step three, the ALJ found that Lewis' osteoarthritis did not meet or medically equal one of the impairments listed in the Agency's Listing of Impairments.  Tr. 25.  Before reaching the fourth step, the ALJ determined that Lewis retained the residual functional capacity ("RFC") to "perform light work as defined in 20 CFR [§] 404.1567(b)."  Tr. 26–28.  At the fourth step, the ALJ found that "Lewis is capable of performing past relevant work as a housekeeper/cleaner (as generally performed) or deli clerk (as actually performed)."  Tr. 28.  The ALJ did not reach step five but concluded that Lewis was not disabled under the meaning of the Act and denied Lewis' application.  Id.

## II.  STANDARD

This court is charged with conducting a de novo review of any portion of the Magistrate Judge's R&R to which specific, written objections are made.  28 U.S.C. § 636(b)(1).  A party's failure to object is accepted as agreement with the conclusions of the Magistrate Judge.  See Thomas v. Arn, 474 U.S. 140, 149-50 (1985).  The recommendation of the Magistrate Judge carries no presumptive weight, and the responsibility to make a final determination rests with this court.  Mathews v. Weber, 423 U.S. 261, 270-71 (1976). However, de novo review is unnecessary when a party makes general and conclusory objections without directing a court's attention to a specific error in the Magistrate Judge's proposed findings.  Orpiano v. Johnson, 687 F.2d 44, 47 (4th

Cir. 1982). In the absence of a specific objection, the court reviews the R&R only for clear error. Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005) (citation omitted).

Judicial review of the Commissioner's final decision regarding disability benefits "is limited to determining whether the findings of the [Commissioner] are supported by substantial evidence and whether the correct law was applied." Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990). Substantial evidence is "more than a mere scintilla of evidence but may be somewhat less than a preponderance." Id. (internal citations omitted). "[I]t is not within the province of a reviewing court to determine the weight of the evidence, nor is it the court's function to substitute its judgment for that of the [Commissioner] if his decision is supported by substantial evidence." Id. Where conflicting evidence "allows reasonable minds to differ as to whether a claimant is disabled, the responsibility for that decision falls on the [ALJ]," not on the reviewing court. Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996) (internal citation omitted). Further, although the court will not reweigh the evidence considered, the Commissioner's findings of fact are not binding where they are based on an improper legal standard. Coffman v. Bowen, 829 F.2d 514, 519 (4th Cir. 1987). While the district court's role is limited, "it does not follow . . . that the findings of the administrative agency are to be mechanically accepted. The statutorily granted review contemplates more than an uncritical rubber stamping of the administrative action." Flack v. Cohen, 413 F.2d 278, 279 (4th Cir. 1969).

## III.  DISCUSSION

Lewis argues that the ALJ's decision is not supported by substantial evidence because the ALJ failed to consider medical evidence on record predating her alleged disability onset date, January 1, 2017.  Specifically, Lewis complains that the ALJ did not consider Lewis' medical records from Orthopaedic Specialists of Charleston, including MRIs and x-rays diagnosing her foot conditions and records detailing treatments she received.  Tr. 458–464, 476.  Lewis further complains that the ALJ did not consider evaluations from Dr. William Maguire and Dr. Cashton Spivey relating to consultative examinations performed on January 25, 2016 and January 27, 2016.  Tr. 431–436, 449–452.

In the R&R, the Magistrate Judge acknowledged that the ALJ failed to consider this evidence but found that the omission did not constitute error because the evidence pre-dates Lewis' alleged onset date of January 1, 2017.  ECF No. 29 at 10-11 (noting that "[i]n considering [Lewis'] alleged disability, [] the ALJ focuses on [Lewis'] treatment from January 1, 2017 forward . . . ." and, likewise, "the Commissioner focuses on the post-January 1, 2017 record evidence [in his decision]").  The Magistrate Judge maintained that, "absent controlling legal precedent to the contrary," the ALJ was not required to consider medical evidence from the time period that Lewis was engaged in SGA.  ECF No. 29 at 18.  Because the ALJ found that Lewis was engaged in SGA until January 1, 2017, the Magistrate Judge concluded that the "ALJ appropriately focused on [Lewis'] medical treatment on or after her amended alleged onset date of January 1, 2017."  ECF No. 29 at 10.

The court disagrees with the Magistrate Judge's conclusion. An ALJ's failure to consider pre-disability onset date evidence is contrary to the clear instruction of the Social Security regulations and the relevant case law.[1] The Social Security regulations provide that an ALJ "will consider all evidence in [a claimant's] case record when [making] a determination or decision whether [the claimant is] disabled." 20 C.F.R. § 404.1520(a)(3). District courts in the Fourth Circuit have held that "all evidence" under § 404.1520(a)(3) includes medical records predating a claimant's alleged onset date. See Cotton v. Colvin, 2015 WL 5714912, at *3 (E.D.N.C. Sept. 29, 2015) ("[T]here is no valid reason to exclude consideration of medical records dated prior to [the] alleged date of onset.") (quoting Vandenboom v. Barnhart, 421 F. 3d 745,750 (8th Cir. 2005) ("[W]here evidence predating the alleged date of disability is made part of the record, the regulations require the Commissioner to consider that evidence.")). In Cunningham v. Berryhill, the Eastern District of North Carolina found that the fact that a medical opinion "was issued six months prior to Claimant's alleged onset date does not excuse the ALJ's failure to consider and weigh it." 2018 WL 6731380, at *4 (E.D.N.C. Nov. 19, 2018). Similarly, in McCain v. Social Security Administration, the Western District of Virginia found that an ALJ erred in failing to consider all evidence in a claimant's case record, "which includes medical exhibits predating her alleged onset date and postdating her [date of last insured]." 2015 WL 2380079, at *7 (W.D. Va. May 19, 2015).

---

[1] Lewis cites such case law for the first time in her objections to the R&R. ECF No. 31 at 4. While the court agrees with the Magistrate Judge's sentiment that she was not required to "hunt" for case law to support Lewis' bare argument, ECF No. 29 at 11, the applicable law is too unequivocal and well-settled for the court to ignore here. The court would caution the lawyers for the plaintiff not to proceed in this manner in any future case.

7

The court is not convinced that the ALJ considered the evidence in the record prior to Lewis' disability onset date, given that the ALJ's decision does not discuss any such evidence and suggests that the ALJ was only interested in evidence subsequent to that date. See Tr. 23–26 (noting that the ALJ's "findings address the period the claimant did not engage in [SGA]" and that Lewis had "limited treatment notes from January 1, 2017"). As the Fourth Circuit has explained, a denial of benefits is not supported by substantial evidence if the ALJ "has [not] analyzed all evidence and . . . sufficiently explained the weight he has given to obviously probative exhibits." Gordon v. Schweiker, 725 F.2d 231, 236 (4th Cir. 1984). Because it is not clear that the ALJ analyzed all evidence in Lewis' record, the court cannot find that the ALJ's decision was supported by substantial evidence and remands the matter to the Commissioner with instruction to consider all relevant evidence of record, including pre-disability onset date evidence, prior to making Lewis' disability determination.

## IV.   CONCLUSION

Based on the foregoing, the court declines to adopt the R&R, **REVERSES** the decision of the Commissioner, and **REMANDS** the matter to the Commissioner for further administrative action consistent with this order.

**AND IT IS SO ORDERED.**

_____
**DAVID C. NORTON**
**UNITED STATES DISTRICT JUDGE**

**March 18, 2021**
**Charleston, South Carolina**